UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>**ORLANDO GATEWAY PARTNERS, LLC,**<br><br>        Debtor.<br>_____/ | CASE NO. 6:15-bk-03448-KSJ<br><br>CHAPTER 11 |
| **GOOD GATEWAY, LLC,** a Florida limited liability company, and **SEG GATEWAY, LLC,** a Florida limited liability company,<br><br>        Plaintiffs,<br>vs.<br><br>**NILHAN FINANCIAL, LLC,**<br><br>        Defendant.<br>_____/ | Adv. Pro. No. 6:15-ap-00098-KSJ |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Plaintiffs, **GOOD GATEWAY, LLC** ("Good Gateway") and **SEG GATEWAY, LLC** ("SEG"), as the largest secured judgment creditors of **ORLANDO GATEWAY PARTNERS, LLC** ("OGP" or the "Debtor"), by and through their undersigned attorneys, hereby file this Memorandum of Law in Opposition to **NILHAN FINANCIAL, LLC** ("Nilhan Financial" or "Defendant") Motion to Dismiss the Complaint (Doc. No. 14 ) (the "Dismissal Motion") and in support thereof states as follows:

1. On April 20, 2015 ("Petition Date"), OGP and Nilhan Hospitality, LLC ("Nilhan Hospitality"), an affiliated or related debtor and debtor-in-possession, filed their voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

2.  On August 21, 2015, the Plaintiffs filed an adversary proceeding (Adv. No. 6:15-ap-98-KSJ, the "Adversary Proceeding") against the Defendant seeking to (the "Complaint"): (i) subordinate Nilhan Financial's secured claim (proof of claim number 10, the "Claim") that arises out of a note and mortgage originally made by Georgian Bank to the Debtor, pursuant to 11 U.S.C. §510(c) to the level of equity; (ii) recharacterize the Claim as capital contributions to OGP; and (iii) object to the Claim for the reasons noted therein.

3.  On September 24, 2015, the Defendant filed the Dismissal Motion requesting the Court dismiss the Complaint on the following grounds: (i) the statute of limitations set forth in Florida Statute §95.281(1)(a) does not apply, and as such, the Complaint fails to state a claim upon which relief can be granted; (ii) the complaint fails to state a claim for recharacterization of the Claim to equity in the Debtor; (iii) the doctrine of *res judicata* precludes this Court from recharacterizing the Claim as equity; and (iv) the doctrine of collateral estoppel bars relitigation of the equitable subordination claim.

## MEMORANDUM OF LAW

4.  Pursuant to the Federal Rules of Civil Procedure simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Accordingly, a plaintiff need only plead a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is, and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

5.  At the motion to dismiss stage, the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. "Indeed it

may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." Phelps v. Kapnolas, 308 F.3d 180, 184-85 (2d Cir. 2002).

6. As such, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory that he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201, 106 S. Ct. 2841, 92 L. Ed. 2d 140 (1986).

7. The court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    **A.**    **The Plaintiff has pled sufficient facts in Counts III and IV to assert the affirmative defense set forth in Florida Statute §95.281(1)(a) and Florida Statute §95.11(2)(b).**

8. In Count III and Count IV of the Complaint, the Plaintiffs have asserted the affirmatives defenses set forth in Florida Statute §95.281(1)(a) and Florida Statute §95.11(2)(b). These affirmative statute of limitations defenses are specifically set forth in paragraphs eighty through eighty-two of the Complaint.

9. A Rule 12(b)(6) motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendant's favor. Omar *ex rel.* Cannon v. Lindsey, 334 F. 3d 1246, 1252 (11th Cir. 2003).

10. In the instant case, the Complaint makes clear that the statute of limitations defenses rest on the resolution of the factual ambiguities contained in the Note, Mortgage and Mortgage Modification, as defined in the Complaint.

11. The Defendant concedes that there is a factual ambiguity, but is impermissibly attempting to have the very same factual ambiguity negate the existence or viability of the statute of

limitations defenses. The Defendant cites to an unrecorded promissory note which would allegedly need to be referenced to determine the "new maturity date," and thus, undermine the availability of the statute of limitations defense. However, this Court must first determine whether the unrecorded promissory note was valid and supported by consideration.

12. Accordingly, the Defendant's Dismissal Motion for failure to state a claim should be denied.

### B. The Plaintiff has pled sufficient facts in Count II to assert a claim for recharacterization of the Claim as equity in the Debtor.

13. Recharacterization cases "turn on whether a debt actually exists, not on whether the claim should be equitably subordinated." Bayer Corp. v. Masco Tech, Inc. (In re AutoStyle Plastics, Inc.), 269 F.3d 726, 748 (6th Cir. 2001) (*citations omitted*). In a recharacterization analysis, if the court determines that the advance of money is equity and not debt, the claim is recharacterized and the *effect* is subordination of the claim "as a proprietary interest because the corporation repays capital contributions only after satisfying all other obligations of the corporation." Id. at p. 749.

14. To sufficiently allege a cause of action for "recharacterization of a claim from debt to equity," the complaint must set forth the factors outlined by the Eleventh Circuit in the case In re N & D Properties, Inc., 799 F.2d 726, 731 (11th Cir.1986), as well as various multi-factor tests involving more extensive lists of criteria. See In re First NLC Financial Services, LLC, 415 B.R. 874, 880 (Bankr. S.D. Fla. 2009). However, it is neither a factor nor a condition precedent that the claim of the debt holder be equity contributions *ab initio*.

15. In the instant case, the Complaint addresses the N & D Properties test, as well as the other multi-factor tests in paragraphs sixty-six through seventy-six. Although the Note and Mortgage, as defined in the Complaint, originated with Georgian Bank, at the time the Defendant purchased or "paid-off" of the Note and Mortgage it was the Debtor's and the Defendant's intent to

create an equity investment in the Debtor by an insider. This intent was represented to third parties as an equity investment by the Defendant, the Debtor and Mr. Thakkar.

16. With respect to the assertion that In re Daufuskie Island Properties, LLC, 431 B.R. 649, 656-657 (Bankr. D. SC. 2010) stands for the legal proposition that a mortgage interest in real property cannot be nullified absent an allegation that it was executed without consideration, that is simply not what the court held and is not relevant to instant case.

17. As such, the Defendant's Dismissal Motion as to failure to state a claim should be denied.

### C. The doctrine of res judicata does not preclude this Court from recharacterizing the Claim as equity.

18. The doctrine of *res judicata* does not bar the Plaintiffs from seeking to recharacterize the Claim as equity in the Debtor. When a court of competent jurisdiction has entered a final judgment on the merits of the cause of action, the parties to the suit and their privies are therefore bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 92 L.Ed. 898 (1948).

19. The Defendant argues that Count II of the Complaint should be dismissed for failing to state a claim for which relief can be granted because the Defendant has already prevailed on the same claim in the state court litigation that preceded the instant Chapter 11 bankruptcy proceeding. The Defendant alleges that the recharacterization claim is the same as the Declaratory Relief Counts in the Second Amended Complaint (Count XII) and the Amended Crossclaim (Count XI) filed in the litigation styled *Good Gateway, LLC v. Orlando Gateway Partners, LLC, et al.*, Case No. 2010-CA-015312-O (Division 43) (the "Florida State Court Litigation"), in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Florida State Court"). See Dismissal

Motion pp. 6-8. A copy of the Second Amended Complaint and the Amended Crossclaim is attached to the Dismissal Motion as Exhibit "A".

20. Pursuant to the doctrine of *res judicata*, a final judgment entered in a prior proceeding bars the litigation by a party in a subsequent action of the same claim, demand or cause, with respect to all or any part of the transaction, out of which the first action arose. See Harnett v. Billman, 800 F. 2d 1308, 1314 (4th Cir. 1986).

21. In the case In re Justice Oaks II, Ltd., 898 F. 2d 1544, 1547 (11th Cir. 1990), the plaintiffs in an adversary proceeding, who were contingent unsecured creditors with personal guaranties on behalf of the debtor in favor of one of the secured lenders, alleged that representatives of the debtor, in concert with the secured lenders, made several fraudulent misrepresentations to the plaintiffs in order to convince the plaintiffs to guarantee a bank loan. Part of the relief requested by the plaintiffs was an equitable lien in their favor on the proceeds of the debtor's sale of real property in the amount of their potential liability on the aforementioned guaranties. See id. The plaintiffs also filed an objection to confirmation based on the same factual allegations contained in the complaint. See id. The bankruptcy court overruled the objection to the plan and confirmed the plan. See id. at 1548. The plaintiffs appealed the confirmation order; however, the appeal was dismissed for not being timely filed. See id. Subsequently, the bankruptcy court dismissed the adversary proceeding on the grounds that all of the issues raised in the complaint had been considered by the court when it confirmed the plan. See id. The plaintiffs appealed the order dismissing the adversary proceeding. See id.

22. The issue before the Eleventh Circuit was whether the confirmation order satisfied the requirements of a judgment that can be given preclusive effect and therefore bar the litigation of the claims made by the plaintiffs in their adversary proceeding. See id. at 1549. The court held that the confirmation order could be given preclusive effect and bar the litigation of the claims in the

adversary proceeding. In determining whether an order or judgment can be given preclusive effect as a final judgment on the merits, the Eleventh Circuit analyzed four requirements which must be present and satisfied by the order or judgment in question. First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process. See id. Second, the judgment must be final and on the merits. See id. Third, there must be identity of both parties or their privies. See id. Fourth, the later proceeding must involve the same cause of action as involved in the earlier proceeding. See id.

23. The court reasoned that all four requirements were satisfied by the confirmation order and the issues raised in the adversary proceeding. See id. First, the confirmation order was entered by a court of competent jurisdiction, in accordance with due process, and in compliance with bankruptcy rules of procedure. See id. Second, the confirmation order constitutes a final judgment on the merits. See id. Third, all of the parties to the adversary proceeding were parties to the confirmation proceeding and the parties against whom the prior order was asserted (the plaintiffs) had a full and fair opportunity to raise their objection. See id. Finally, the claims made by the plaintiffs in the adversary proceeding involve the same cause of action at issue in the confirmation proceeding. See id. at 1551. Claims are part of the same cause of action when they arise out of the same transaction or series of transactions. See id. The claims of misrepresentation and fraud raised by the plaintiffs in the adversary proceeding were the same claims raised in their objection to confirmation. See id. Therefore, the confirmation order was based, in part, on the transaction at the core of the plaintiffs' claims in the adversary proceeding. See id.

24. In the instant proceeding, contrary to the assertions by the Defendant, the Declaratory Relief Counts in the Second Amended Complaint (Count XII) and the Amended Crossclaim (Count XI) were not part of the jury verdicts and final judgments which were rendered in the Florida State

Court Litigation, and attached to the Dismissal Motion as <u>Exhibit</u> "<u>B</u>" (collectively, the "Final Judgments"). The Declaratory Relief Counts in the Second Amended Complaint (Count XII) and the Amended Crossclaim (Count XI) were dismissed by the State Court without prejudice on September 26, 2014. A copy of the <u>Order of Equitable Counts of Good Gateway Second Amended Complaint and SEG's Amended Cross Claim and Order Directing the Plaintiff to Provide Final Judgments</u> (the "Dismissal Order") is attached hereto as <u>Exhibit</u> "<u>A</u>" and is incorporated herein by reference.

25. The doctrine of *res judicata* cannot bar the recharacterization claim because the Dismissal Order is not a final judgment on the merits, and the Final Judgments do not address the the Declaratory Relief Counts in the Second Amended Complaint (Count XII) and the Amended Crossclaim (Count XI). Accordingly, the Defendant's Motion for failure to state a claim should be denied.

**D.  The doctrine of collateral estoppel does not bar relitigation of the equitable subordination claim.**

26. Collateral estoppel bars relitigation of issues decided in a prior judicial proceeding. <u>Bush v. Balfour Beatty Bahamas, Ltd.</u>, 62 F.3d 1319 (11th Cir. 1995). The doctrine of collateral estoppel does not bar the Plaintiffs from seeking to equitably subordinate the Claim pursuant to 11 U.S.C. §510(b) to below the status of general unsecured creditors of the Debtor because the issues raised in the equitable subordination clam are not identical to the claims for civil conspiracy (Count V), conversion (Count VI), breach of fiduciary duty (Count XIII), constructive fraud (Count XIV) in the Second Amended Complaint, and the claims for tortious interference (Count IV), civil conspiracy (Count V), breach of fiduciary duty (Count XII), and constructive fraud (Count XIII) of the Amended Crossclaim.

27.     The Eleventh Circuit has held that a federal court must apply state collateral estoppel law if the prior judgment was entered in a state court. In re St. Laurent, 991 F. 2d 672, 675-76 (11th Cir. 1993). In the instant case, since the underlying Final Judgments were entered by the Florida State Court, this Court should apply the collateral estoppel standards applicable under Florida law.

28.     Under Florida law, the following elements must be established before collateral estoppel may be invoked: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in prior action must have been at least as stringent as the standard of proof in the later case. See id. at p. 676.

29.     In the instant case, an equitable subordination analysis requires the Court to determine whether a legitimate creditor engaged in inequitable conduct, in which case the remedy is subordination of the creditor's claim "to that of another creditor only to the extent necessary to offset injury or damage suffered by the creditor in whose favor the equitable doctrine may be effective." In re W.T. Grant Co., 4 B.R. 53, 74 (Bankr. S.D.N.Y. 1980).

30.     To state a claim for equitable subordination, the movant must make a plausible showing that: (i) the claimants must have engaged in some type of inequitable conduct; (ii) the misconduct must have resulted in injury to the creditors or conferred an unfair advantage on the claimants; and (iii) subordination of the claims must not be inconsistent with the provisions of the Bankruptcy Code. In re Lemco Gypsum, Inc., 911 F.2d 1553, 1556 (11th Cir.1990); In re N & D Properties, Inc., 799 F.2d 726, 731 (11th Cir.1986).

31.     In the Florida State Court Litigation, the issues at stake were whether Nilhan Financial owed the Plaintiffs a fiduciary duty, engaged in activity which tortiously interfered or converted the Plaintiff's membership interests in the Debtor, or conspired to interfere with the

Plaintiff's membership interests in the Debtor. None of these issue are identical to the issues raised in the claim for equitable subordination. The Complaint outlines in detail allegations which give rise to numerous ways in which Nilhan Financial has interfered with the Debtor's operations and asserted unwarranted control over the Debtor's operations. The Complaint states with particularity why the Plaintiffs claim that Nilhan Financial's actions were unfair and how these actions caused the Plaintiffs harm. Accordingly, the Defendant's Motion for failure to state a claim should be denied.

**WHEREFORE**, Plaintiffs, **GOOD GATEWAY, LLC** and **SEG GATEWAY, LLC** respectfully requests this Court deny the Defendant's Motion to Dismiss the Complaint, and grant such other and further relief as the Court deems reasonable and necessary under the circumstances.

**RESPECTFULLY SUBMITTED** this 7th day of October 2015.

/s/ R. Scott Shuker
R. Scott Shuker, Esquire
Florida Bar No.: 984469
rshuker@lseblaw.com
Mariane L. Dorris
Florida Bar No. 0173665
mdorris@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
Attorneys for Good Gateway, LLC and
SEG Gateway, LLC

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                               CASE NO. 6:15-bk-03448-KSJ

ORLANDO GATEWAY                                      CHAPTER 11
PARTNERS, LLC,

        Debtor.
_____/

GOOD GATEWAY, LLC, a Florida limited                 Adv. Pro. No. 6:15-ap-00098-KSJ
liability company, and SEG GATEWAY,
LLC, a Florida limited liability company,

        Plaintiffs,
vs.

NILHAN FINANCIAL, LLC,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing PLAINTIFFS, GOOD GATEWAY, LLC and SEG GATEWAY, LLC 'S, MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT was furnished either electronically, telephonically, by fax or email, and/or by U.S. First Class, postage prepaid mail to: Keith R. Mitnik, Esq. and Clay M. Townsend, Esq., MORGAN & MORGAN P.A., 20 North Orange Ave., Suite 1500, Orlando, FL. 32801; Jon E. Kane. Esq., MATEER HARBERT, P.A., 225 East Robinson Street, Suite 600, Two Landmark Center, Orlando, FL. 32801; Michael A. Tessitore, Esq., MORAN, KIDD, LYONS& JOHNSON, P.A., attorney for Nilhan Financial LLC, 111 N. Orange, Avenue, Suite 900, Orlando, FL. 32801, this 7<u>th</u> day of October, 2015.

                                              /s/ R. Scott Shuker
                                              R. Scott Shuker, Esquire

Filing # 18701905 Electronically Filed 09/26/2014 11:08:23 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| GOOD GATEWAY LLC, a Florida corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ORLANDO GATEWAY PARTNERS, LLC, a Florida limited liability company, NILHAN HOSPITALITY, LLC, a Florida limited liability company, NILOY & ROHAN, LLC, a Georgia limited liability company, ORLANDO GATEWAY, LLC, a Georgia limited liability company, STEVEN C. SMITH, an individual, NILHAN FINANCIAL, LLC, a Georgia limited liability company, SOUTHEAST INVESTMENT PROPERTIES, LLC, a Georgia limited liability company, SEG GATEWAY, LLC, a Florida limited liability company, CHITTRANJAN K. THAKKAR, an individual, NCT SYSTEMS, INC., a Florida corporation, and NILOY, INC., a Georgia corporation d/b/a DCT Systems,<br><br>    Defendants. | CASE NO.: 2010-CA-015315-O<br><br>DIVISION: 43<br><br>JUDGE: Lisa T. Munyon<br><br><u>ORDER ON EQUITABLE COUNTS OF GOOD GATEWAY SECOND AMENDED COMPLAINT AND SEG'S AMENDED CROSS CLAIM AND ORDER DIRECTING THE PLAINTIFF TO PROVIDE FINAL JUDGMENTS</u> |
| SEG GATEWAY, LLC,<br><br>    Cross-Claimant,<br><br>vs.<br><br>ORLANDO GATEWAY PARTNERS, LLC, NILHAN HOSPITALITY, LLC, NILOY & ROHAN, LLC, CHITTRANJAN K. THAKKAR, NILHAN FINANCIAL, LLC, ORLANDO GATEWAY, LLC, NCT SYSTEMS, INC., and NILOY, INC., d/b/a DCT Systems,<br><br>    Cross-Defendants. | |

- 1 -

**EXHIBIT "A"**

## Order on Remaining Equitable Counts of Good Gateway's Second Amended Complaint and SEG's Amended Cross-Claim and Order Directing the Plaintiff to Provide Final Judgments

THIS CAUSE came to be heard on the written closing arguments on counts VII (Injunctive Relief), IX (Rescission), X (Rescission), XI (Declaratory Relief), and XII (Declaratory Relief) of Good Gateway LLC's Second Amended Complaint and counts VII (Injunctive Relief), VIII (Rescission), IX (Rescission), X (Declaratory Relief), and XI (Declaratory Relief) of SEG Gateway LLC's Amended Cross Claim. The Court having reviewed arguments of counsel, memoranda, evidence received at trial on the issue, and the parties' submissions, the Court finds as follows:

Defendants argue that recovery on the equitable counts, above, would be an impermissible double recovery in light of the jury verdict. Plaintiffs' conceded this point if defendants' post-verdict motions were unsuccessful. In light of the court's rulings on the post-verdict motions, recovery on the equitable counts would be an impermissible double recovery. Based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** that counts VII (Injunctive Relief), IX (Rescission), X (Rescission), XI (Declaratory Relief), and XII (Declaratory Relief) of Good Gateway LLC's Second Amended Complaint and counts VII (Injunctive Relief), VIII (Rescission), IX (Rescission), X (Declaratory Relief), and XI (Declaratory Relief) of SEG Gateway LLC's Amended Cross Claim are DISMISSED.

Because the above order disposes of the final remaining counts in the Second Amended Complaint and Amended Cross Claim, plaintiff is directed to provide a single final judgment on the Second Amended Complaint encompassing

all defendants and all counts and a single final judgment on the Amended Cross Claim encompassing all defendants and all counts within ten (10) days of the date of this order. If applicable, said final judgments should reserve jurisdiction to determine entitlement to and amount of attorneys' fees and costs.

DONE AND ORDERED in chambers at Orlando, Orange County, Florida, this 26 day of September, 2014.

_____
Honorable Lisa T. Munyon
Circuit Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Clay M. Townsend, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1500, Orlando, FL, 32801; Bradford Petrino, Esquire, Korshak & Associates, P.A., 950 South Winter Park Dr., Suite 320, Casselberry, FL, 32707; and W. Hennen Ehrenclou, Esquire, Ehrenclou & Grover, LLC, 3399 Peachtree Road, N.E., Suite 1220, Atlanta, GA, 30326-1150 on this 26 day of September, 2014.

_____
Judicial Assistant

- 3 -