ORDERED.

Dated:  November 17, 2015

_____
Karen S. Jennemann
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ORLANDO GATEWAY PARTNERS, LLC, | ) ) | Case No. 6:15-bk-03448-KSJ<br>Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | | |
| GOOD GATEWAY, LLC, SEG GATEWAY, LLC, | ) ) ) | |
| Plaintiffs, | ) | Adversary No. 6:15-ap-00098-KSJ |
| vs. | ) ) | |
| NILHAN FINANCIAL, LLC, | ) ) | |
| Defendant. | ) ) ) ) ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Good Gateway, LLC, and SEG Gateway, LLC, filed this adversary proceeding[1] to determine the validity and priority of Nilhan Financial's interest in certain real property at the

---

[1] Doc. No. 1.

center of the main bankruptcy case.[2] Nilhan Financial moves to dismiss[3] Good Gateway's and SEG's complaint under Rule 12(b)(6)[4] for failure to state a claim upon which relief can be granted.

Rule 12(b)(6) provides that before an answer is filed a defendant may seek dismissal of a complaint if the complaint fails to state a claim.[5] Disposition of a motion to dismiss under Rule 12(b)(6) focuses only upon the allegations in the complaint and whether those allegations state a claim for relief. In reviewing a motion to dismiss, courts must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.[6] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[7] Rule 8(a)(3) requires a "demand for the relief sought."[8] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] For a complaint to survive a motion to dismiss, it must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[10] Facial plausibility is present "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

---

[2] Main Case. No. 6:15-bk-03448-KSJ.
[3] Doc. Nos. 14, 17, and 19.
[4] Rule 12(b)(6) is made applicable in adversary proceedings by virtue of Bankruptcy Rule 7012.
[5] Fed. R. Civ. P. 12(b)(6).
[6] *Brophy v. Jiangbo Pharm., Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015) (quoting *Piedmont Office Realty Trust, Inc. v. XL Specialty Ins. Co.*, 769 F.3d 1291, 1293 (11th Cir. 2014) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003))).
[7] Rule (8)(a) is made applicable in adversary proceedings by virtue of Bankruptcy Rule 7008(a).
[8] Fed. R. Civ. P. 8(a)(3).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).
[11] *Id.*

The Court finds that the complaint, taken as true, states a plausible claim for relief and that Nilhan Financial is liable for the misconduct alleged. The Court suggests that most of the arguments asserted in the Defendant's Motion to Dismiss perhaps are more appropriately raised as affirmative defenses or in future dispositive motions. The arguments do not justify dismissal. Accordingly, it is

**ORDERED:**

1. Nilhan Financial's Motion to Dismiss (Doc. No. 14) is denied;

2. Nilhan Financial is directed to file an answer to the complaint by December 11, 2015;

3. A pretrial conference is set for December 16, 2015, at 2:00 pm.

###

Attorney Michael A. Tessitore is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.