ORDERED.

Dated: April 29, 2016

_Karen S. Jennemann_
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| ORLANDO GATEWAY PARTNERS, LLC, | ) Case No. 6:15-bk-03448-KSJ<br>) Chapter 7 |
| Debtor. | ) |
| GOOD GATEWAY, LLC, and SEG GATEWAY, LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) Adversary No. 6:15-ap-00098-KSJ |
| NILHAN FINANCIAL, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION GRANTING
COUNTERDEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**

Good Gateway, LLC, and SEG Gateway, LLC's ("GG/SEG") seek to dismiss[1] Nilhan Financial, LLC's ("NF") counterclaims on the grounds of collateral estoppel and because the

---

[1] Doc. No. 26. NF filed a response opposing the dismissal (Doc. No. 33). GG/SEG filed a reply (Doc. No. 34).

issue currently is the subject of a pending appeal before the Florida Fifth District Court of Appeals. For the reasons explained in this Memorandum Opinion, the counterclaims are dismissed without prejudice.

For years before the Debtors, Nilhan Hospitality, LLC and Orlando Gateway Partners, LLC, filed these related bankruptcy cases,[2] the Debtors, NF, GG/SEG, and other non-debtor parties engaged in complex commercial litigation in the Circuit Court for the Ninth Judicial Circuit in Orange County, Florida.[3] Substantial judgments were entered in favor of SEG ($12 million) and GG ($2.5 million). I granted stay relief to allow the parties to continue with the appeal of these judgments to the Florida Fifth District Court of Appeals.[4]

One of the many issues involved in this still pending appeal relates to the trial court's Order Denying the Defendants' Motion for Directed Verdict.[5] In its counterclaim filed in this adversary proceeding, Defendant, NF, now asks me, the Bankruptcy Court, to revisit these factual findings and legal conclusions made by the trial court in its ruling on the Motion for Directed Verdict. The request is inappropriate and premature, particularly given the pending appeal.

---

[2] The bankruptcy cases were filed on April 20, 2015.
[3] *Good Gateway, LLC, v. Orlando Gateway Partners, LLC, et al.*, Case No. 2010-CA-015315-O.
[4] Doc. No. 28 in Main Case No. 6:15-bk-03447-KSJ.
[5] Doc. No. 26, PP. 3, 63-66. The Order Denying the Motion for Directed Verdict was entered on September 26, 2014.

For context, Stephen C. Smith, was a former manager of Orlando Gateway, LLC (NOT the Debtor)[6] who allegedly transferred his interest in Orlando Gateway to SEG, a Plaintiff in this adversary proceeding, when he was involved in his own bankruptcy case in the Northern District of Georgia. (Neither Smith nor his Georgia Chapter 7 Trustee is a party to this adversary proceeding.) The State Court Defendants objected to this transfer in their Motion for Directed Verdict arguing:

> SEG should never have been allowed to assert claims against Defendants . . . [because they] were procured by an assignment and other actions in blatant violation of federal bankruptcy laws. The person agreeing to the purported assignment of Orlando Gateway, LLC's interest, Steve Smith, had no authority or corporate capacity to convey Orlando Gateway, LLC's interest in SEG to Plaintiff because Smith's interest in Orlando Gateway, LLC was owned and controlled exclusively by the bankruptcy trustee. On this basis alone, SEG has no standing to assert claims and a verdict should be directed in favor of Defendants.[7]

The trial court rejected this argument, and denied the motion for a directed verdict stating:

> Smith was manager/president of OG. As such, he could dispose of company assets and satisfy company liabilities under the OG operating agreement. OG's membership interest in SEG was OG's asset, not Smith's personal asset, and not part of Smith's bankruptcy estate, just as OG's judgment was OG's liability and not dischargeable in Smith's bankruptcy proceeding.
>
> Smith's personal bankruptcy did not divest OG of the ability to operate and carry on its corporate affairs consistent with the OG operating agreement. Smith as manager/president of OG, had the authority to partially satisfy OG's judgment by assigning OG's membership interest in SEG to GG. Accordingly, SEG had standing to bring the cross claim against the defendants.[8]

So, the trial court blessed Smith's transfer of OG's interests and concluded that SEG had standing to assert its ultimately successful cross-claims against the State Court Defendants. Again, this precise issue is on appeal to the Florida Fifth District Court of Appeals.

---

[6] The debtor is Orlando Gateway **Partners**, LLC.
[7] Doc. No. 26, PP. 14-16.
[8] Doc. No. 26, PP. 63-66.

Now, in this adversary proceeding, NF attempts to assert a two count counterclaim against GG/SEG seeking a declaratory judgment that Smith's transfer was an invalid fraudulent transfer. The *first* count of the Counterclaim specifically requests a determination that the transfer of the OG interest from Smith to GG was invalid because Smith did not own OG at the time and that only the Smith Chapter 7 Bankruptcy Trustee theoretically could transfer Smith's interest in OG. The *second* count of the Counterclaim seeks to avoid the constructively fraudulent under Fla. Stat. § 726.01, because Smith did not receive any reasonably equivalent value from GG on account of the transfer.

The Florida trial court rejected this argument in its Order Denying the State Court Defendants' Motion for Directed Verdict and this ruling currently is under review by the Florida appellate court. "The general principle of *res judicata* prevents the relitigation of issues and claims already decided by a competent court. 'Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel.' *Res judicata* comes in two forms: claim preclusion (traditional '*res judicata*') and issue preclusion (also known as 'collateral estoppel'). In considering whether to give preclusive effect to state-court judgments under *res judicata* or collateral estoppel, the federal court must apply the rendering state's law of preclusion."[9] Here, the Court will apply Florida preclusion law.

Under Florida law, "'collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction.'"[10] "The doctrine of collateral estoppel … 'bars relitigation of the same issues between the same parties in connection with a different cause of action.' The doctrine comes into play in a case when the 'same parties' attempt to litigate the 'same issues'

---

[9] *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (internal citations omitted).
[10] *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1036-37 (11th Cir. 2014) (internal citations omitted).

that were already addressed. The doctrine bars 'the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation.'"[11]

The Court finds that all elements of collateral estoppel are present. The Directed Verdict Order applies to all defendants in the State Court proceeding and those in privity with the State Court Defendants. The Directed Verdict Order resolved identical issues to NF's counterclaim because the Directed Verdict Order decided whether Smith's transfer of interest in OG/SEG was valid.[12] In other words, the Directed Verdict Order specifically decided that Smith's actions were proper. A determination that Smith's action was fraudulent or that Smith could not dispose of the interest in OG/SEG is essentially the *same dispute* that the State Court disposed of with the Directed Verdict Order.[13] The issues were fully briefed and litigated before the State Court as evidenced by the State Court Defendants' brief and GG/SEG's response. The Directed Verdict Order is a final decision rendered by a court of competent jurisdiction.[14] All elements of collateral estoppel are established.

Additionally, neither Mr. Smith nor his Chapter 7 Trustee is a party in this adversary proceeding. To seek declaratory relief, all necessary parties must be present before this Court.[15] Without the addition of these critical parties, no declaratory relief is possible.

---

[11] *Criner v. State*, 138 So. 3d 557, 558 (Fla. 5th Dist. Ct. App. 2014) (internal citations omitted) (internal quotation marks omitted).

[12] *Zimmerman v. State, Office of Ins. Regulation*, 944 So. 2d 1163, 1168 (Fla. 4th Dist. Ct. App. 2006) ("[The First DCA's decision] constituted a final decision on the fully litigated question of whether the rate-setting process was valid.").

[13] *Zimmerman*, 944 So. 2d at 1168 (citing *M.C.G. v. Hillsborough County Sch. Bd.*, 927 So. 2d 224, 227 (Fla. 2d Dist. Ct. App. 2006) (citing Restatement (Second) of Judgments § 27, cmt. c.)) (Collateral estoppel prevents "repetitious litigation of what is essentially the same dispute.") (internal quotation marks omitted).

[14] "A judgment is on the merits 'when it amounts to a declaration of the law as to the respective rights and duties of the parties based upon the ultimate facts disclosed by the pleadings and evidence and upon which the right of recovery depends.'" *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1199 (11th Cir. 2012) (quoting *J. Schnarr & Co. v. Virginia–Carolina Chem. Corp.*, 118 Fla. 258, 159 So. 39, 42 (1934)).

[15] *In re Pro Greens, Inc.*, 305 B.R. 356, 360 (Bankr. M.D. Fla. 2003).

And, even if the doctrine of collateral estoppel did not apply, declaratory relief was proper, and all necessary parties were included in this adversary proceeding, the Court would find that abstaining from hearing NF's counterclaim till the conclusion of the state court appeal is in the best interest of the estate.  Permissive abstention is appropriate when justice, the best interest of the estate, and considerations of comity with sister courts support allowing another court to conclude its work.[16]

Here, it is easy to conclude that abstention is appropriate. The Florida Fifth District Court of Appeals is considering an appeal from a complex commercial case resulting in a multi-million dollar verdict.  The appeal, in part, hinges on whether the trial court erred in entering the Order Denying the State Court Defendants' Motion for Directed Verdict.  State law issues predominate.  The state courts are aptly handling the resolution of the issues and the appeal.  There simply is no reason for the Bankruptcy Court to "substitute in" at this late date when the state court is the better court and perfectly competent to render its ruling on appeal. This Court will not intercede. Abstention is in the interest of comity with the State courts, in the interest of the estate, and in the interest of justice.

For all of these reasons, GG/SEG's Motion to Dismiss is granted.  Both counts of the counterclaim are dismissed without prejudice to permit the Florida appellate courts to finally rule on the pending appeal. A separate order consistent with this Memorandum Opinion shall be entered.

###

Attorney, R. Scott Shuker, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[16] *In re Peacock*, 455 B.R. 810, 813-14 (Bankr. M.D. Fla. 2011).